UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT A. BACON, JR.,

    Plaintiff,

v.

T-MOBILE USA, INC., a Delaware Corporation,

    Defendant.

Case No. C09-5608RJB

ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint. Dkt. 15. The Court has considered the motion, opposition to the motion, and the file herein.

## I.   **FACTS**

On September 3, 2009, Plaintiff filed this case alleging that Defendant discriminated against him and failed to accommodate his disability contrary to Washington law, RCW 49.60, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Dkt. 1. He asserts that Defendants violated the Family Medical Leave Act, 29 U.S.C. § 2654, *et seq*. *Id*. He makes reference to 42 U.S.C. § 2000E. *Id.* Plaintiff also asserts that the Defendant intentionally or negligently inflicted emotional distress upon him. *Id*. Plaintiff seeks damages, attorneys' fees and costs. *Id.*

Plaintiff now seeks leave to amend his complaint to add a state law claim for wrongful discharge in violation of public policy. Dkt. 15. Plaintiff's proposed Amended Complaint states that: "Plaintiff engaged in activity protected by public policy, the National Labor Relations Act, ("NLRA"), at

T-Mobile. Defendant terminated Mr. Bacon for engaging in such protected activity." Dkt. 15-1, at 7. Defendants oppose the motion, arguing that it is futile and that it would unfairly prejudice them. Dkt. 25. Trial is set for September 27, 2010.

## II.   DISCUSSION

Fed. R. Civ. P. 15(a)(1) permits a party to amend the complaint before being served with a responsive pleading; or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. In all other cases, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Plaintiff's motion to seek leave to amend his complaint should be denied because it is futile. Plaintiff states that he does not make a claim under the NLRA, which would be preempted, but one under Washington's tort of termination in violation of public policy. Dkt. 27. Plaintiff argues that he is merely drawing a standard from the NLRA. *Id*. To the extent that Plaintiff seeks to add a claim which is arguably subject to § 7 or § 8 of the NLRA, the motion to amend the complaint should be denied. "The general rule of preemption in labor cases is that if the activity relied on as the basis for a suit is arguably subject to § 7 or § 8 of the NLRA, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." *Lumber Production Indus. Workers Local No. 1054 v. West Coast Indus. Relations Ass'n, Inc*., 775 F.2d 1042, 1048 (9th Cir. 1985). "[I]f a crucial element of a state court action is identical to an element of an unfair labor practice that is arguably covered by the NLRA, then the state action is preempted." *Id.* Plaintiff's attempt to circumvent the preemption clauses in the NLRA are unavailing. Plaintiff argues that the Washington courts have permitted claims for employment discrimination through the tort of wrongful termination in violation of public policy, for example, where the employer had too few employees to be subject to the federal or state anti-discrimination statutes. Dkt. 27. Plaintiffs does not cite to any case which would allow a Plaintiff to

premise their wrongful termination claim on violations of the NLRA. Plaintiff does not address the fact that the statutory preemption language in the NLRA is sweeping. Plaintiff's motion to amend his complaint for a claim of termination in violation of public policy in violation of the NLRA is futile. His motion should be denied.

Therefore, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint. (Dkt. 15) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of August, 2010.

Robert J Bryan
United States District Judge